**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**HANEEF MUHAMMAD,**

**Plaintiff,**

**v.**

**GAP, INC., et al.,**

**Defendants.**

**Case No. 2:25-cv-1379**

**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Vascura**

**ORDER**

On October 5, 2026, the Court denied Plaintiff Haneef Muhammad's motion for leave to appeal in forma pauperis (IFP) because his appeal—which requested review of an interlocutory order—was objectively frivolous. (Doc. 26, #688). Muhammad now seeks the Court's leave to file a motion to correct one factual misstatement and to clarify several points within that order. (Docs. 27, 28).[1] His motion to correct or clarify, which he says is "narrow" (Doc. 27, #690), includes fourteen numbered headings and nine separate requests for relief. (Doc. 28, #703). Because one (and only one) of his requests for relief is justified, the Court **GRANTS** him leave to file his motion to correct or clarify and will consider that motion's merits.

Specifically, Muhammad requests that the Court:

1. correct the October 5, 2026 Order to reflect that Case No. 2:24-cv-03676 was ultimately dismissed **without prejudice**;

[1] Muhammad sought the Court's leave to file the underlying motion because, in a related action, the Court designated him as a vexatious litigant and restricted his ability to submit filings without either a certificate from an attorney or leave from this Court. (Am. Op. & Order, *Muhammad v. Gap Inc.*, No. 2:24-cv-3676 (S.D. Ohio Dec. 10, 2025), Doc 138, #1818–23).

2. clarify that Case No. 2:25-cv-01379 was separately filed, independently docketed, and already active before the December 10, 2025 filing restrictions were imposed;

3. clarify that this action was initially assigned to Judge Michael H. Watson and Magistrate Judge Kimberly A. Jolson before related-case treatment transferred it to Judge Cole;

4. clarify that the removing defendants affirmatively identified Case No. 2:24-cv-03676 and Judge Cole as related through their federal removal papers and civil cover sheets, after which the Court's related-case procedure resulted in reassignment;

5. clarify that administrative related-case treatment did not merge the separately docketed actions and did not itself adjudicate subject-matter jurisdiction, remand, severance, the merits, or the legality of extending sanctions from another docket into this action;

6. clarify that the December 10, 2025 filing restrictions were imposed after this action was already pending and that the restrictions also extend prospectively into future related litigation;

7. clarify that the October 5 Order concerns the immediate appealability of the stay order and does not purport to adjudicate the separate appellate challenges concerning recusal, cross-case filing restrictions, narrow tailoring, remand, jurisdiction, reassignment, limited remand, or the procedural effect of sanctions upon already-pending actions;

8. clarify that the Court's use of the term "objectively frivolous" is directed to its determination concerning immediate appellate jurisdiction over the stay and should not be understood as adjudicating the merits or non-frivolous character of Plaintiff's separate cross-case appellate challenges;

9. grant such other limited relief as necessary to ensure that the record accurately reflects the procedural posture and scope of the issues before the Court.

(*Id.*)

Start with Muhammad's requests for clarification. None have anything to do with the reason the Court denied his request for leave to appeal IFP. Recall that the Court denied Muhammad's IFP motion because he appealed the Court's decision staying this case pending the outcome of an appeal in a related action. (Doc. 26, #687–

88). Motions to stay are interlocutory, so they are not immediately appealable. (*Id.*). Since Muhammad did not offer any reasons why that general principle shouldn't apply to his case (and none were or are obvious from the record), the Court found that his appeal was objectively frivolous and that he could not proceed IFP. (*Id.*). Muhammad's suggested "clarifications" all refer to additional procedural details that, while perhaps true, would not add to, clarify, or alter the outcome of the Court's IFP analysis. The Court sees no need to amend its already clear order to include additional irrelevant facts. So it denies Muhammad's request to "clarify" as moot.

Turn next to Muhammad's request that the Court correct a factual misstatement. This request has merit. As he notes, the Court in its October 5, 2026, order incorrectly stated that it dismissed another of Muhammad's cases, No. 2:24-cv-3676, *with* prejudice. (Doc. 26, #686). While that might have been true at one point, (*See* Op. & Order, No. 2:24-cv-3676, Doc. 135), the Court later issued an amended opinion and order that dismissed that action *without* prejudice. (Am. Op. & Order, *id.*, Doc. 138). The Court's October 5, 2026, order in this case regrettably did not account for this aspect of its amended opinion and order in No. 2:24-cv-3676. (Doc. 26, #686). So, to maintain the record's accuracy in this case and to avoid confusion about the scope of the Court's decision in No. 2:24-cv-3676, the Court grants only Muhammad's first request for relief and issues this correction: the Court dismissed Muhammad's action in *Muhammad v. Gap Inc.*, No. 2:24-cv-3676, without prejudice. (No. 2:24-cv-3676, Doc. 138, #1809).

## CONCLUSION

The Court **GRANTS** Plaintiff Haneef Muhammad's motion for leave to file his motion to correct factual misstatement and clarify the Court's October 5, 2026, order. (Doc. 27). On the merits of that motion, the Court **DENIES** Muhammad's request for clarification but **GRANTS** his motion to correct a factual misstatement. (Doc. 28). The following correction is in order: the Court dismissed Muhammad's action in No. 2:24-cv-3676, without prejudice. (Am. Op. & Order, *Muhammad v. Gap Inc.*, No. 2:24-cv-3676 (S.D. Ohio Dec. 10, 2025), Doc. 138, #1809).

**SO ORDERED.**

October 26, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**